**FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

FILED

JAN 18 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re: GERALD WILLIAM FILICE,
                Debtor. )     Case Nos. 10-47748
_____ )                   15-29534
                           )
GERALD WILLIAM FILICE,           )
              Plaintiff, )     Adv. Pro. No. 17-02036
v.                               )
                           )
UNITED STATES,                   )
             Defendant. )
_____ )

**OPINION**

**Before: Christopher M. Klein, Bankruptcy Judge**

---

Gerald William Filice, Sacramento, California, pro se.

Boris Kukso, United States Department of Justice, Washington D.C., for Defendant United States.[1]

---

CHRISTOPHER M. KLEIN, Bankruptcy Judge:

This decision holds that the power under Federal Rule of Civil Procedure 60(a) to vacate discharges as clerical errors "whenever one is found" - here, six years later — is not constrained by the time limits specified in 11 U.S.C. § 727(e).

The debtor received two chapter 7 discharges within two years. This court entered the second discharge in mistaken disregard of the § 727(a)(8) ban on two chapter 7 discharges in cases filed within eight years. The error went undetected for six years until the debtor tried in a third case to enforce the second discharge while fighting a tax debt. The U.S. trustee

---

[1]The caption as been adjusted to reflect that Filice seeks relief only against the United States.

1  incorrectly assumed that time limits for objecting to discharges
2  under Federal Rule of Bankruptcy Procedure 4004(a) and for
3  revoking discharges under 11 U.S.C. § 727(e) precluded undoing
4  the discharge.  Not so.

5      Rule 4004 is invalid as a violation of the Bankruptcy Rules
6  Enabling Act, 28 U.S.C. § 2075, to the extent it requires entry
7  of a discharge contravening § 727(a)(8) if no objection is timely
8  filed.  The court has an independent duty to enforce § 727(a)(8).

9      The second chapter 7 case will be reopened and the mistaken
10 discharge order vacated under Rule 60(a).  The power to vacate in
11 this manner is confirmed by 11 U.S.C. § 105(a) as an order
12 appropriate to carry out § 727(a)(8).

13

14                              Facts

15     This is the fifth title 11 case that Gerald Filice, a self-
16 represented and now-disbarred lawyer,[2] filed within seven years.[3]

17     The second, third, and fifth cases matter to the dispute now
18 before the court.  The first chapter 7 discharge was entered in
19 No. 09-28543, filed April 30, 2009.  In case No. 10-47748, filed
20 October 19, 2010, a second chapter 7 discharge was entered.  In

21  _____

22     [2]Filice was disbarred by the California Supreme Court
    February 10, 2017.  Order, No. 13-O-13520.
23

24     [3]The five cases are: (1) No. 08-20087, filed Jan. 2, 2008,
    under chapter 11 and dismissed Dec. 3, 2008; (2) No. 09-28543
25  filed April 30, 2009, under chapter 13 and converted to chapter
    7, with discharge entered Dec. 3, 2009 and final decree entered
26  Dec. 9, 2009; (3) No. 10-47748 filed Oct. 19, 2010, under chapter
    11 and converted to chapter 7 Feb. 4, 2011, with another chapter
27  7 discharge entered May 24, 2011, and closed Dec. 14, 2011; (4)
    No. 15-25417 filed July 7, 2015, under chapter 13 and dismissed
28  Dec. 2, 2015; and (5) No. 15-29534, filed Dec. 10, 2015, under
    chapter 11 and converted to chapter 7 Nov. 21, 2016.

1  the present fifth case, No. 15-29534, filed December 10, 2015,

2  discharge is not being entered by virtue of § 727(a)(8).

3       Nobody questioned Filice's eligibility for second chapter 7

4  discharge in No. 10-47748.  Nor did the U.S. trustee act when the

5  issue was raised earlier in this case, incorrectly assuming that

6  § 727(e) precluded correcting the mistake.

7       The United States Internal Revenue Service filed in this

8  fifth case Proof of Claim 5-2 for $422,607.16 for tax years 1998

9  through 2006 and 2009 through 2015.  The claim subdivides into:

10  (1) secured claim for $48,180.23 assessed June 23, 2008, for tax

11  year 2006 secured, per 26 U.S.C. § 6321, by all property of the

12  debtor; (2) priority claim for $33,957.80 for tax years 2001

13  through 2015; and (3) general unsecured claim for $340,469.13 for

14  tax years 1998 through 2005 and 2009 through 2010.

15       One asset of the present chapter 7 estate is a personal

16  injury cause of action claimed as exempt under state law "up to

17  any applicable statutory limit" that the trustee and Filice

18  jointly agreed to settle for $49,000.00, with $10,000.00

19  allocated to the estate and $39,000.00 to Filice as exempt.

20       When the IRS objected to release of exempt funds to Filice

21  based on its asserted secured status in those funds under 26

22  U.S.C. § 6321 for a the tax assessed June 23, 2008, Filice filed

23  this adversary proceeding to challenge the IRS' secured status.

24       Filice reasons that the discharge in the second case, filed

25  October 19, 2010, destroyed secured status for a tax assessed

26  June 23, 2008, based on his dubious construction of 11 U.S.C.

27  § 523(a)(1)(A), the 240-day provision in § 507(a)(8)(A), and the

28  § 507(a)(8) hanging paragraph as enacted in 2005.  His premise is

3

1  that the tax was assessed more than 330 days (240 days, plus 90

2  days) before filing the second case.[4]

3      The United States having suggested that the second discharge

4  was invalid in light of § 728(a)(8), the court sua sponte raised

5  during trial the question of whether the second discharge should

6  be vacated as a clerical mistake per Rule 60(a). Afforded an

7  opportunity to defend the validity of the second discharge,

8  Filice said only that he had not "requested" the first discharge

9  and conceded that the IRS is secured by his exempt proceeds if

10  the first discharge entered in No. 09-28543 — takes precedence.

11      Findings of fact and conclusions of law were rendered orally

12  on the record at the conclusion of trial.

13

14                        Procedure

15      This adversary proceeding names as defendants the United

16  States on behalf of the IRS, the chapter 7 trustee, and the other

17  parties settling the tort action. But the debtor seeks relief,

18  and the trial proceeded, only as between the debtor and the IRS.

19

20                       Jurisdiction

21      Federal subject-matter jurisdiction is founded on 28 U.S.C.

22  § 1334. This is a core proceeding that a bankruptcy judge may

23  hear and determine. 28 U.S.C. § 157(b)(I) & (K).

24

---

25      [4]If the second discharge is valid, then Filice loses on the

26  merits. The tolling principle of Young v. United States, 535
    U.S. 43, 49 (2002), protects the secured status of a tax assessed

27  June 23, 2009, during a title 11 case that ended December 9,
    2009, in a case filed October 19, 2010. To any extent that Young

28  might have been incompletely codified in 2005, Young nevertheless
    remains viable to its full original extent.

4

1                          <u>Analysis</u>

2        The chapter 7 discharge that the debtor received in his 2009

3   case made him categorically ineligible, by virtue of 11 U.S.C.

4   § 727(a)(8), for the chapter 7 discharge that was entered in his

5   2010 case.  The prohibition is absolute.  The mistake is beyond

6   cavil.  The problem is how to correct it.

7        This court first addressed mistaken discharges issued to

8   categorically ineligible debtors in 1993.  <u>Wetherbee v. Willow</u>

9   <u>Lane, Inc. (In re Bestway Prods., Inc.)</u>, 151 B.R. 530, 534

10  (Bankr. E.D. Cal. 1993), <u>aff'd</u>, 165 B.R. 339 (9th Cir. BAP 1994)

11  (chapter 7).  The Ninth Circuit soon agreed.  <u>Cisneros v. United</u>

12  <u>States (In re Cisneros)</u>, 994 F.2d 1462, 1465-67 (9th Cir. 1993)

13  (chapter 13).  That analysis retains vitality.

14

15                              I

16       The chapter 7 discharge is a routine order clerical or

17  ministerial in nature subject to Rule 60(a) correction.  <u>In re</u>

18  <u>Johnson</u>, 564 B.R. 653, 656-57 (E.D. Cal. 2017); Fed. R. Civ. P.

19  60(a), <u>incorporated by</u> Fed. R. Bankr. P. 9024.[5]

20

21                              A

22       Under § 727(a), the court "shall" enter a discharge in a

23  chapter 7 case unless one of twelve disqualifying conditions

24  specified in § 727(a) applies.  11 U.S.C. §§ 727(a)(1)-(12).

25  _____

26       [5]Although bankruptcy decisions often refer to Rule 9024 when

27  speaking of Rules 60(a) and (b), that practice creates the
    misimpression that the rich body of Rule 60 decisional law in

28  nonbankruptcy cases might not apply.  It does apply.  Rule 9024
    merely incorporates Rule 60, with several exceptions.

1    The verb "shall" connotes a presumption favoring discharge

2  and, except for categorical ineligibility, necessitates objection

3  and proof by preponderance of evidence of the disqualification in

4  an objection-to-discharge proceeding, with the objector bearing

5  the risk of nonpersuasion.   Fed. R. Bankr. P. 4005.

6

7                              1

8    Three of the disqualifying conditions are categorical

9  conditions of ineligibility.[6]  They are purely formal and based

10  on objective facts.[7]

11    The facts dispositive of categorical ineligibility for

12  chapter 7 discharge under §§ 727(a)(1), (a)(8) and (a)(10) are

13  subject to judicial notice.   They are facts that are not subject

14

15 ───────────────────────

        [6]The three categorical disqualifications are:
16
        (a) The court shall grant the debtor a discharge, unless —
17         (1) the debtor is not an individual;
             . . .
18        (8) the debtor has been granted a discharge under this
        section, under section 1141 of this title, or under section
19      14, 371, or 476 of the Bankruptcy Act, in a case commenced
        within 8 years before the date of the filing of the
20      petition;
             . . .
21        (10) the court approves a written waiver of discharge
        executed by the debtor after the order for relief under this
22      chapter;

23 11 U.S.C. §§ 727(a)(1), (8) & (10).

24
        [7]A close cousin is the § 727(a)(9) exception barring chapter
25 7 discharge within six years after a chapter 12 or 13 discharge.
   It would be included in the list of categorical disqualifications
26 not requiring actual litigation but for the potential for fact-
   based disputes about whether "the plan was proposed by the debtor
27 in good faith, and was the debtor's best effort."  11 U.S.C.
   § 729(a)(9)(B)(ii).  The analysis in this opinion regarding
28 § 727(a)(8) applies to § 727(a)(9).

                              6

1   to reasonable dispute and can be accurately and readily
2   determined from sources whose accuracy cannot reasonably be
3   questioned.   Fed. R. Evid. 201(b)(2).

4       Court records establish whether a debtor is an individual,
5   or has received a chapter 7 discharge in a case filed within
6   eight years before the date of filing the petition, or has a
7   court-approved written waiver of discharge executed after the
8   order for relief.  11 U.S.C. §§ 727(a)(1), (a)(8) & (a)(10).[8]

9       As the task entails a binary yes-no analysis of court
10  records, the adversarial process serves merely to call to the
11  court's attention a disqualifying condition.   While the court is
12  grateful for the assistance, it has an independent duty to assure
13  itself that discharge orders do not offend §§ 727(a)(1), (a)(8)
14  and (a)(10).   In re Hiatt, 312 B.R. 150, 151 (Bankr. S.D. Ohio
15  2004); Cf., United Student Aid Funds v. Espinosa, 559 U.S. 260,
16  278 (2010) (Independent duty re chapter 13 confirmation).

17      The adversarial process does not assist in determinations
18  regarding the categorically forbidden discharges because the
19  relevant facts are matters of record susceptible of judicial

20

21      [8]Chapter 13 has a categorical time-based ineligibility for
22  discharge at § 1328(f) that parallels § 727(a)(8):

23      (f) Notwithstanding subsections (a) and (b), the court
        shall not grant a discharge of all debts provided for in the
24      plan or disallowed under section 502, if the debtor has
        received a discharge —
25      (1) in a case filed under chapter 7, 11, or 12 of this
        title during the 4-years period preceding the date of the
26      order for relief under this chapter, or
27      (2) in a case filed under chapter 13 of this title during
        the 2-year period preceding the date of such order.
28
    11 U.S.C. § 1328(f).

1  notice.  Whether there has been a prior discharge, whether the

2  debtor is an individual, and whether the debtor has filed a

3  waiver of discharge, which waiver the court has approved, are all

4  matters of public record.  The language of the statute indicates

5  that inaction by creditors or trustees does not qualify debtors

6  for discharges that cannot, as a matter of law, be entered.

7       It is contrary to the Bankruptcy Code to grant a chapter 7

8  discharge to a categorically ineligible debtor – i.e., debtor not

9  an individual, discharge within eight years, and written waiver

10  of discharge.  Those discharges are not supposed to be entered

11  regardless of whether there is an actual objection to discharge.

12

13                                    2

14       In contrast, the grounds for denial of chapter 7 discharge

15  under §§ 727(a)(2) through (a)(7) are all on account of

16  blameworthy conduct, proof of which are quintessential subjects

17  for the adversarial process.  They turn on proof of contingent

18  facts focused on the debtor's motives or conduct, that are not

19  susceptible of judicial notice and as to which defenses are

20  available.  11 U.S.C. §§ 727(a)(2)-(a)(7).[9]

21

22                                    a

23       Denial of discharge under §§ 727(a)(2) through (a)(7)

24  requires adversary proceedings objecting to discharge for which

25

26       [9]Those disqualifying conditions are subjective or contingent
27  in some respect.  For example, proof of a transfer with intent to
    hinder, delay, or defraud, unjustified concealment of recorded
28  information, or making a knowing and fraudulent false oath can
    all prevent discharge.  11 U.S.C. §§ 727(a)(2), (a)(3) & (a)(4).

1  creditors, the chapter 7 trustee, and the United States trustee,
2  but not other parties in interest, have statutory standing.  Fed.
3  R. Bankr. P. 4004(a); 11 U.S.C. § 727(c).[10]

4      Those objections to discharge are subject to the
5  nonjurisdictional limitations period prescribed by the inflexible
6  claim processing rules of Rules 4004(a) and (b).  Fed. R. Bankr.
7  P. 4004(a)-(b); <u>Kontrick v. Ryan</u>, 540 U.S. 443, 455-56 (2004).

8      Consistent with the presumption in favor of discharge, the
9  objector bears the burden of proof by preponderance of evidence
10  and correlative risk of nonpersuasion.  Fed. R. Bankr. P. 4005;
11  <u>Grogan v. Garner</u>, 498 U.S. 279, 289 (1991) (preponderance).

12     The facts pertinent of those objections to discharge are not
13  readily ascertainable from inspection of the record and, instead,
14  require the court to determine facts and make conclusions of law
15  in the conventional trial process.

16

17                                  b

18     The Bankruptcy Code, however, does not specify which of the
19  twelve exceptions to discharge at §§ 727(a)(1) through (a)(12)
20  actually require formal objection and judicial determination that
21  discharge be denied, as opposed to mere non-entry of discharge.

22     _____

23     [10]Section 727(c) provides:

24          (c)(1) The trustee, a creditor, or the United States
25     trustee may object to the granting of a discharge under
        subsection (a) of this section.
26          (2) On request of a party in interest, the court may
        order the trustee to examine the acts and conduct of the
27     debtor to determine whether a ground exists for denial of
        discharge.
28
    11 U.S.C. § 727(c).

                                  9

The syntax of § 727(a), in notable contrast to allowance of claims, does not require that there be an "objection." A filed proof of claim "is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). But, with no mention of objection, the "court shall grant the debtor a discharge, unless" one of twelve conditions applies. 11 U.S.C. § 727(a).

Congress certainly contemplated that there would be objections to discharge, a procedure deeply rooted in prior bankruptcy law in cases of blameworthy conduct, when it granted standing to object to discharge under § 727(a) to creditors, the chapter 7 trustee, and the United States trustee, but not other parties in interest. 11 U.S.C. § 727(c)(1). An implicit corollary is that such objections may be forfeited by inaction.

But, which exceptions to discharge require objections? Several exceptions merely lead to non-entry of discharge, rather than an order denying discharge. For example, no discharge is entered when the debtor is not an individual, and no objection to discharge proceeding is needed. 11 U.S.C. § 727(a)(1); Fed. R. Bankr. P. 4004(c)(1)(A). Nor, need there be an objection when the debtor has not completed an instructional course concerning personal financial management. 11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 4004(c)(1)(H). What is the discriminator?

Congress suggested the answer by prescribing a secondary consequence for denials of discharge under §§ 727(a)(2) through (a)(7), all of which involve some form of blameworthy conduct that must be proved by preponderance of evidence. In a subsequent chapter 7 case filed more than eight years later, no debt is discharged that was or could have been listed in a prior

10

case in which the debtor "was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7)."  11 U.S.C. § 523(a)(10).[11]

It follows that the Bankruptcy Code contemplates that objections to discharge be prosecuted for the six categories of grounds in § 727(a) that implicate blameworthy conduct and that Congress expected that inaction on such theories may lead to forfeiture of objections and to entry of discharge.

In short, in the context of denial of discharge, § 727(a) implies a two-level process.  First, is the debtor generally eligible for "entry" of discharge?  Second, is there reason to "deny" a discharge on account of §§ 727(a)(2) through (a)(7) to a debtor who is otherwise eligible for "entry" of discharge?

3

The puzzle is why Rule 4004(a) bundles § 727(a)(8) with the objections to discharge that are subject to strict time limits. It does not square with the statute.  Perhaps it was ambiguous before 2010 because Rule 4004(a) was theretofore silent about whether an objection was required and the issue rarely arose.

---

[11]Section 523(a)(10) provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt —
...
(10) that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title or under the Bankruptcy Act in which the debtor waived discharge, or was denied discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title, or under section 14c(1), (2), (3), (4), (5), (6), or (7) of such Act;

11 U.S.C. § 523(a)(1).

1　　　　Of the cases that have considered the effect of Rule 4004(a)

2　on § 727(a)(8), the better and only view expressed by appellate

3　courts, is that the bankruptcy court may sua sponte act to block

4　or vacate a discharge that offends § 727(a)(8) independent of

5　whether there is a timely filed adversary proceeding.  In re

6　Asay, 364 B.R. 423, 425-27 (Bankr. D.N.M. 2007); In re Hiatt, 312

7　B.R. at 152; In re Burrell, 148 B.R. 820, (Bankr. E.D. Va. 1992),

8　cited with approval, Kestell v. Kestell (In re Kestell), 99 F.3d

9　146, 149 (4th Cir. 1996); In re Ali, 219 B.R. 653, 654 (Bankr.

10　E.D.N.Y. 1998); cf. Espinosa, 559 U.S. at 278 (sua sponte power

11　to apply statute); Cisneros, 994 F.2d. at 1465-67 (same).

12　　　　The few bankruptcy court cases to the contrary fail to note

13　the distinction between vacating and revoking a discharge, ignore

14　the inconsistency between the Code and Rule 4004(a), and do not

15　address Rule 60(a).  Canganelli v. Lake County, Ind. Dep't of

16　Pub. Welfare (In re Canganelli), 132 B.R. 369, 383-85 (Bankr.

17　N.D. Ind. 1991); Johnson v. Chester Housing Auth. (In re

18　Johnson), 250 B.R. 521, 526-27 (Bankr. E.D. Pa. 2000)

19　　　　The effect of adding the express reference in Rule 4004(a)

20　to § 727(a)(8) in 2010 was to create the misimpression that the

21　court must enter a discharge in violation of § 727(a)(8) if there

22　is not a timely objection even though the court knows that

23　§ 727(a)(8) forbids discharge.  That is a substantive matter

24　banned by the Bankruptcy Rules Enabling Act.  28 U.S.C. § 2075.

25

26　　　　　　　　　　　　　　　　B

27　　　　The process of actual entry of a chapter 7 discharge is a

28　ministerial duty of the court.

1

The "court shall grant the debtor a discharge," unless any of twelve disqualifying conditions exist.  11 U.S.C. § 727(a).

The "court shall forthwith grant the discharge" upon expiration of the times for objecting to discharge and for moving to dismiss a case as a substantial abuse of chapter 7, unless any of twelve conditions pertains.  Fed. R. Bankr. P. 4004(c).

The mandatory language of both § 727(a) and Rule 4004(c) is the language of a ministerial duty.  If the statutory and procedural conditions are satisfied, then the court has no discretion to decline to enter discharge.

2

Often, as in this judicial district, the ministerial task of screening the record through the Rule 4003(c) matrix and entry of the chapter 7 discharge is delegated to the clerk of court.  E.D. Cal. Bankr. General Order 17-01.

In performing the ministerial duty of entering chapter 7 discharges, the court has an independent duty to assure itself that the procedural facts conform to the strictures of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  Hiatt, 312 B.R. at 151.

The task is not difficult.  Hiatt. 312 B.R. at 151 ("The court writes to address a recurring problem that should not occur in an era when technology has made information concerning a bankruptcy filing available, literally twenty-four/seven.").

Here, it was plain from the court's own records that a chapter 7 discharge had been granted the debtor in case No. 09-

28543, filed April 30, 2009. That created a discharge dead zone
ending April 30, 2017. Any chapter 7 discharge for this debtor
in a case filed before May 1, 2017, would contravene the
Bankruptcy Code and be a clear mistake.

Since no interpretation was required, the mistake was either
a blunder in execution or a mistake of oversight and omission.
Either way, it was a clerical mistake within the meaning of Rule
60(a). Fed. R. Civ. P. 60(a).

The court never intended to issue, or to permit the clerk of
court to issue on delegated authority, a chapter 7 discharge in
violation of § 727(a)(8).

III

The question becomes how this mistake occurred and then was
not addressed when called to the attention of the U.S. trustee.

The autopsy reveals that the 2010 amendments to Rule 4004
invited error by creating the appearance of an absolute deadline
for questioning eligibility for discharge under § 727(a)(8).

How that came to pass necessitates an excursion through the
history of the oft-amended Rule 4004.[12]

A

Subsections (a), (b), (c), and (d) of Rule 4004 pertain to
the present analysis, but not in that order.

_____

[12]Rule 4004 has been amended ten times: 1991; 1996; 1999;
2000; 2002; 2008; 2009; 2010; 2011; and 2013.

14

1

Before 2010, Rule 4004(a) called for a complaint objecting
to § 727 discharge but did not specify which § 727 theories
required objection, and it was plain that some theories (for
example, § 727(a)(1)) did not require objection.

Similarly, Rule 4004(d) provided that an objection to
discharge is governed by the Part VII adversary proceeding rules
and was complemented by Rule 7001(4) designating an objection to
discharge as an adversary proceeding.  Fed. R. Bankr. P. 7001(4)
& 4004(d) (before 2010 amendment).

Although it was ambiguous whether objection was essential to
raise a § 727(a)(8) issue, a practice had arisen in which the
U.S. trustee was filing § 727(a)(8) adversary proceedings.  It
soon became evident that it was much process for little purpose
when the result is dictated by controlling binary yes-no question
that can be determined by judicial notice of the court's own
records and in which the only possible defense is mistaken
identity.  As a practical matter, these § 727(a)(8) actions
served little purpose beyond calling attention to the existence
of a discharge disqualification.

Following suggestions that Rule 9014 motions should suffice
in § 727(a)(8) situations, Rules 4004(a) and (d) and 7001(4) were
amended in 2010 to permit discharge objections based on
§§ 727(a)(8), (a)(9), and 1328(f) to be made on contested matter
motions.  Fed. R. Bankr. P. 7001(4) & 4004(d) (as amended, 2010).

The rationale for the change was that the issues involved
did not warrant the formalities of an adversary proceeding.  Fed.

R. Bankr. P. 7001, advisory comm. note to 2010 amendment.[13]

The 2010 amendments exposed a latent ambiguity about whether an adversary proceeding was required to block categorically forbidden discharges. The insertion of specific reference to § 727(a)(8) or (a)(9) into Rule 4004(a), "Time for Objecting to Discharge; Notice of Time Fixed,"[14] and, by extension, into Rule 4004(b), "Extension of Time."[15] This subjected § 727(a)(8) and

---

[13]The advisory committee explained:

Paragraph (4) is amended to create an exception for objections to discharge under §§ 727(a)(8), (9), and 1328(f) of the Code. Because objections to discharge on these grounds typically present issues more easily resolved than other objections to discharge, the more formal procedures applicable to adversary proceedings, such as commencement by a complaint, are not required. Instead, objections on these three grounds are governed by Rule 4004(d). In an appropriate case, however, Rule 9014(c) allows the court to order that additional provisions of Part VII of the rules apply to these matters.

Fed. R. Bankr. P. 7001, advisory comm. note to 2010 amendment.

[14]Rule 4004(a) provides:

(a) Time for Objecting to Discharge; Notice of Time Fixed. In a Chapter 7 case, a complaint, or a motion under § 727(a)(8) or (a)(9) of the Code, objecting to the debtor's discharge shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). [Chapters 11 and 13 provisions omitted.] At least 28 days' notice of the time so fixed shall be given to the United States trustee and all creditors as provided in Rule 2002(f) and (k) and to the trustee and the trustee's attorney.

Fed. R. Bankr. P. 4004(a) (as amended, 2010).

[15]Rule 4004(b) provides:

(b) Extension of Time.
(1) On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired.

its cognates to an inflexible claim-processing rule.  Rules

4004(a) and (b), coupled with the Rule 9006(b) ban on

enlargement,[16] combine into a rigid, albeit nonjurisdictional and

forfeitable, deadline for objecting to discharge.  Fed. R. Bankr.

P. 4004(a)-(b) & 9006(b)(3); <u>Kontrick</u>, 540 U.S. at 455-56.

The ensuing negative inferences from the 2010 amendments are

central to the problem that now manifests itself.  Subjecting a

§ 727(a)(8) categorically-prohibited discharge to the rigidity of

the claims-processing deadline in Rules 4004(a) and (b) led to

the inference that if nobody timely objects, then it is too late

to block a second discharge within the § 727(a)(8) banned period.

The other categorical prohibitions on entry of discharge —

not an individual and discharge waived — are self-executing.

Rule 4004(c) prevents entry of such discharges without the

necessity of an adversary proceeding.  Why the difference?

The advisory committee note to the original adoption of Rule

---

(2) A motion to extend the time to object to discharge
may be filed after the time for objection has expired and
before discharge is granted if (A) the objection is based on
facts that, if learned after the discharge, would provide a
basis for revocation under § 727(d) of the Code, and (B) the
movant did not have knowledge of those facts in time to
permit an objection.  The motion shall be filed promptly
after the movant discovers the facts on which the objection
is based.

Fed. R. Bankr. P. 4004(b) (as amended, 2010).

[16]Rule 9006(b)(3) provides:

(3) Enlargement Governed By Other Rules.  The court may
enlarge the time for taking action under Rules ... 4004(a)
... only to the extent and under the conditions stated in
those rules. ...

Fed. R. Bankr. P. 9006(b)(3).

1  4004(c) is opaque.[17]

2      The proposition that § 727(a)(8) is subject to the Rule

3  4004(a) deadline is in conflict with the Bankruptcy Code.

4

5                    2

6      The procedure for actual grant of discharge is governed by

7  Rule 4004(c), "Grant of Discharge."  Fed. R. Bankr. P. 4004(c).

8      The misfire was compounded by the insertion of the same

9  phrase ("or a motion under § 728(a)(8) or (a)(9) of the Code")

10  into Rule 4004(c)(1)(B) ("Grant of Discharge"[18]), relating to the

11  _____

12      [17]The advisory committee note provides:

13        This rule is adapted from former Bankruptcy Rule 404.
   . . .

14        Subdivision (c). ... The inclusion of the clause in
   subdivision (c) qualifying the duty of the court to grant a

15  discharge when a waiver has been filed is in accord with the
   construction of the Code.  4 Collier, <u>Bankruptcy</u> § 727.12

16  (15th ed. 1979).

17  Rule 4004(c), advisory committee note.

18      [18]Rule 4004(c)(1) provides:

19       (c) Grant of Discharge.

20          (1) In a chapter 7 case, on expiration of the times
   fixed for objecting to discharge and for filing a motion to

21  dismiss the case under Rule 1017(e), the court shall
   forthwith grant the discharge, except that the court shall

22  not grant a discharge if:
       (A) the debtor is not an individual;

23      (B) a complaint, or a motion under § 727(a)(8) or
           (a)(9), objecting to the discharge has been filed

24          and not decided in the debtor's favor;
       (C) the debtor has filed a waiver under § 727(a)(10);

25      (D) a motion to dismiss the case under § 707 is
           pending;

26      (E) a motion to extend the time for filing a complaint
           objecting to the discharge is pending;

27      (F) a motion to extend the time for filing a motion to
           dismiss the case under Rule 1017(e)(1) is pending;

28      (G) the debtor has not paid in full the filing fee...;

1  the conditions precedent to granting discharge.  Fed. R. Bankr.

2  P. 4004(c)(1)(B).

3      As currently constituted, Rule 4004(c), "Grant of

4  Discharge," provides that upon expiration of the times for

5  objecting to discharge and for moving to dismiss a case as a

6  "substantial abuse" of chapter 7, the court "shall forthwith

7  grant the discharge" unless any of twelve conditions pertains.

8  Fed. R. Bankr. P. 4004(c).

9      Rule 4004(c) includes as separate items only two of the

10  three categorical bars to chapter 7 discharge.  Discharge will

11  not be entered if the debtor is not an individual.  Fed. R.

12  Bankr. P. 4004(c)(1)(A).  Nor will discharge be entered if the

13  debtor waived discharge under § 727(a)(1).  Fed. R. Bankr. P.

14  4004(c)(1)(C).

15      The third categorical bar to chapter 7 discharge — no

16  discharge within eight years per § 727(a)(8) — is treated

17  differently in Rule 4004(c) than the other categorical

18  ineligibilities.  It is treated as an objection to discharge.

19  ───────────────────

20      (H) the debtor has not filed with the court a statement
         of completion of a course concerning personal

21      financial management if required by
         Rule1007(b)(7);

22      (I) a motion to delay or postpone discharge under
         § 727(a)(12) is pending;

23      (J) a motion to enlarge the time to file a
         reaffirmation agreement under Rule 4008(a) is

24      pending;

25      (K) a presumption is in effect under § 524(m) that a
         reaffirmation agreement is an undue hardship and
         the court has not concluded a hearing ...; or

26

27      (L) a motion is pending to delay discharge, because the
         debtor has not filed with the court all tax
         documents required to be filed under § 521(f).

28

Fed. R. Bankr. P. 4004(c)(1) (as amended, 2010).

19

1  Fed. R. Bankr. P. 4004(c)(1)(B).

2      Read literally, Rule 4004(c) requires the court to enter a

3  chapter 7 discharge in favor of a debtor who is categorically

4  ineligible for discharge.  Rule 4004(c)(1)(B) conflicts with the

5  Bankruptcy Code.

6

7                                  3

8      The way to understand the relationship of Rules 4004(a) and

9  (c) to § 727(a) is to recognize the distinction between "not

10  entering" a discharge and "denying" a discharge.

11

12                                  a

13      One "denies" a discharge as a judgment rendered by the court

14  following trial for the reasons provided by §§ 727(a)(2)-(a)(7),

15  all of which involve blameworthy conduct and render all debts

16  permanently nondischargeable in future chapter 7 cases by virtue

17  of § 523(a)(10).[19]

18      Rule 4004(a) establishes an inflexible claim-processing rule

19  for commencing the requisite adversary proceeding seeking a

20  judgment denying discharge.  Kontrick, 540 U.S. at 455-56.

21

22                                  b

23      "Not entering" a discharge is the administrative function

24  for which Rule 4004(c) prescribes the procedure.  It encompasses

25  temporary and permanent statutory ineligibilities under

26  §§ 727(a)(1) and (a)(8) through (a)(12).  See, e.g., Fed. R.

27  _____

28      [19]Waiver of discharge under § 727(a)(10) has the same future
   nondischargeable consequence.

Bankr. P. 4004(c)(1)(A) ("not an individual"). It includes mere
procedural prerequisites, such as the resolution of various
pending motions and full payment of filing fees. See, e.g., Fed.
R. Bankr. P. 4004(c)(1)(G). And, it implements judgments
"denying" discharge under §§ 727(a)(2)-(a)(7) by proscribing
entry of discharge. Fed. R. Bankr. P. 4004(c)(1)(B).

One does not "deny" a chapter 7 discharge on account of an
ineligibility such as, for example, the debtor not being an
individual. Rather, as a matter of case administration, one does
not "enter" a discharge for a debtor who is not an individual.
11 U.S.C. § 727(a)(1); Fed. R. Bankr. P. 4004(c)(1)(A).

The post-bankruptcy legal consequence of not entering a
discharge for any reason other than the grounds specified in
§ 523(a)(10) for permanent nondischargeability is that the debtor
remains liable for debts but might be eligible for discharge in a
future chapter 7 case.



c

The distinction between "denying" and "not entering" a
discharge dovetails with the distinction between "revoking" a
discharge and "vacating" a discharge. Cisneros, 994 F.2d at
1465-66 (recognizing distinction); accord, Midkiff v. Stewart (In
re Midkiff), 342 F.3d 1194, 1197-1201 (10th Cir. 2003) (same).

A discharge may be "revoked" on account of the specific
forms of blameworthy conduct specified by § 727(d),[20] but only if

_____

[20]Section 727(d) provides:

    (d) On request of the trustee, a creditor, or the United
States trustee, and after notice and a hearing, the court

prosecuted with the strict claim-processing rule imposed by

§ 727(e).[21]   11 U.S.C. §§ 727(d)-(e).

A discharge may be "vacated" if entered by mistake "whenever one is found." Fed. R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024.  Thus, Rule 60(a) relief remains available and is not subject to an arbitrary claim-processing rule.

_____

shall revoke a discharge granted under subsection (a) of
this section if —
    (1) such discharge was obtained through the fraud of the
debtor, and the requesting party did not know of such fraud
until after the granting of such discharge;
    (2) the debtor acquired property that is property of the
estate, or became entitled to acquire property that would be
property of the estate, and knowingly and fraudulently
failed to report the acquisition of or entitlement to such
property, or to deliver or surrender such property to the
trustee;
    (3) the debtor committed an act specified in subsection
        (a)(6) of this section; or
    (4) the debtor has failed to explain satisfactorily —
        (A) a material misstatement in an audit referred to in
section 586(f) of title 28; or
        (B) a failure to make available for inspection all
necessary accounts, papers, documents, financial records,
files, and all other papers, things, or property belonging
to the debtor that are requested for an audit referred to in
section 586(f) of title 28.

11 U.S.C. § 727(d).

    [21]Section 727(e) provides:

    (e) The trustee, a creditor, or the United States trustee
may request a revocation of a discharge—
    (1) under subsection (d)(1) of this section within one
year after such discharge is entered; or
    (2) under subsection (d)(2) or (d)(3) of this section
before the later of —
        (A) one year after the granting of such discharge; and
        (B) the date the case is closed.

11 U.S.C. § 727(e).

4

Two conflicts between Rule 4004 and the Bankruptcy Code are described above.

The portions of Rule 4004 that subject the categorical discharge ineligibility of § 727(a)(8) to the inflexible claim-processing rules of Rules 4004(a) and (b) and that require entry of discharge if no timely objection is filed conflict with the substantive terms of the Bankruptcy Code.[22]

The Bankruptcy Rules Enabling Act provides that no Federal Rule of Bankruptcy Procedure may "abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2075.[23]

A conflict between the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure must be resolved in favor of the statute.

---

[22]The analysis regarding the Code-Rule conflict in Rules 4004(a)-(c) regarding § 727(a)(8) also applies to § 727(a)(9). And, the Rule 4004(c) conflict also applies to § 1328(f).

[23]The Bankruptcy Rules Enabling Act supplements the Rules Enabling Act, 28 U.S.C. §§ 2071-77, and provides:

§ 2075. Bankruptcy rules
     The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motion, and the practice and procedure in cases under title 11.
     Such rules shall not abridge, enlarge, or modify any substantive right.
     The Supreme Court shall transmit to Congress not later than May 1 of the year in which a rule prescribed under this section is to become effective a copy of the proposed rule. The rule shall take effect no earlier than December 1 of the year in which it is transmitted to Congress unless otherwise provided by law.
     The bankruptcy rules promulgated under this section shall prescribe a form for the statement required under section 707(b)(2)(C) of title 11 and may provide general rules on the content of such statement.

28 U.S.C. § 2075.

1   28 U.S.C. § 2075; <u>e.g.</u>, <u>United States v. Towers (In re Pacific</u>

2   <u>Atlantic Trading Co.)</u>, 33 F.3d 1064, 1066 (9th Cir. 1994);

3   <u>Cisneros</u>, 994 F.2d at 1465; <u>In re Asay</u>, 364 B.R. at 426.

4      Two conclusions follow from a conflict between the

5   Bankruptcy Code and Rule 4004.[24] First, Rule 4004(c) cannot be

6   construed to require entry of discharge for a debtor who is not

7   eligible for discharge by virtue of § 727(a)(8). <u>Am. Law Ctr. v.</u>

8   <u>Stanley (In re Jastrem)</u>, 253 F.3d 438, 441-42 (9th Cir. 2001).

9      Second, subjecting § 727(a)(8) discharge ineligibility to

10   the inflexible claim-processing requirements of Rule 4004(a)

11   offends the Bankruptcy Rules Enabling Act. The legitimate ambit

12   of Rule 4004(a) is §§ 727(a)(2) through (a)(7). Hence, Rule

13   4004(a) is invalid to the extent it includes § 727(a)(8) within

14   its ambit.

15

16                           5

17      The answer to the mystery of how in this case Filice

18   received a chapter 7 discharge in his 2010 case when he had

19   received a discharge in his 2009 case, is that the clerk of

20   court, acting on delegated authority, followed the literal terms

21   of Rule 4004(c). As there had been no objection to discharge

22   under § 727(a)(8), discharge was entered.

23      That was a blunder in execution. This court would not

24   knowingly have violated § 727(a)(8) by entering a discharge for

25   an ineligible debtor any more than it would have knowingly

26   violated § 727(a)(1) by entering a discharge for a debtor who is

27

28

     [24]The same analysis applies to § 727(a)(9).

1  not an individual.

2      The mistaken discharge was not brought to the court's

3  attention when first identified because the U.S. trustee did not

4  understand the distinction between vacating a discharge under

5  Rule 60(a) and revoking a discharge under § 727(d).

6

7                              IV

8      The conventional judicial tool for the problem of the

9  erroneous discharge offending § 727(a)(8) is Rule 60(a).  That

10  rule authorizes bankruptcy courts to correct "a clerical mistake

11  or a mistake arising from oversight or omission whenever one is

12  found in a judgment, order, or other part of the record."  Fed.

13  R. Civ. P. 60(a), incorporated by Fed. R. Bankr. P. 9024; cf. Day

14  v. McDonough, 547 U.S. 198, 210 (2006) ("if a judge does detect a

15  clear computational error [in time bar], no Rule, statute, or

16  constitutional provision commands the judge to suppress that

17  knowledge.  Cf. Fed. R. Bankr. P. 60(a).").

18      There are two categories of Rule 60(a) mistake.  There is

19  the "clerical mistake" and the "mistake arising from oversight or

20  omission."  Although distinct, the concepts overlap and commonly

21  are conflated in case law under the rubric "clerical mistake."

22      Rule 60(a) mistakes are "blunders in execution" that do not

23  constitute a court changing its mind about what it originally

24  intended to do.  Garamendi v. Henin, 683 F.3d 1069, 1077-81 (9th

25  Cir. 2012) (gathering cases); Harman v. Harper, 7 F.3d 1455, 1457

26  (9th Cir. 1993); Blanton v. Anzalone, 813 F.2d 1574, 1577 n.2

27  (9th Cir. 1987).

28      Rule 60(a)'s rationale is that among the thousands of

                              25

1  judgments that federal trial courts enter annually there are

2  bound to be missteps between design and implementation. There

3  are two ways to address the potential for missteps — either staff

4  the courts with resources sufficient to scrutinize every judgment

5  with extreme care to prevent missteps ex ante or enable easy ex

6  post correction of scriveners' errors. Rule 60(a) reflects an

7  implicit choice that subsequent correction is preferable to

8  greater vigilance. <u>United States v. Griffin</u>, 782 F.2d 1393,

9  1396-97 (7th Cir. 1986).

10     The sheer volume of routine ministerial orders in bankruptcy

11  cases, many of which are delegated to the clerk of court to sign

12  and enter, gives particular utility to Rule 60(a) in bankruptcy.

13     "Vacating" a discharge under Rule 60(a), as incorporated by

14  Rule 9024, does not conflict with "revoking" a discharge under

15  § 727(d). The § 727(e) time limit on revoking a discharge for

16  the blameworthy reasons specified in § 727(d) is not infringed

17  when a court vacates a mistaken order of discharge. <u>Disch v.</u>

18  <u>Rasmussen</u>, 417 F.3d 769, 778-79 (7th Cir. 2005) (Rule 60(b));

19  <u>Cisneros</u>, 994 F.2d at 1466 ("anomalous in this context to say

20  that the Debtors have a right to retain that which they had no

21  right to receive in the first place"); <u>Leisure Develop., Inc. v.</u>

22  <u>Burke (In re Burke)</u>, 95 B.R. 716, 718 n.1 (9th Cir. BAP 1989).

23     Rule 60(a) clerical mistakes may be corrected "whenever one

24  is found." Fed. R. Civ. P. 60(a), <u>incorporated by</u> Fed. R. Bankr.

25  P. 9024; 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL

26  PRACTICE & PROCEDURE § 2855 (3d ed. 2012) ("Clerical mistakes and

27  errors of oversight or omission may be corrected at any time.").

28     Rule 60 is not constrained by the § 727(e) time limits that

relate to revocation of discharge.  <u>Cisneros</u>, 994 F.2d at 1466;

<u>accord</u>, <u>Disch</u>, 417 F.3d at 778-79.

In this instance, "whenever one is found" in Rule 60(a)

means more than six years after the mistake occurred.

Rule 60(a), by its terms and by case law, authorizes the

court to raise the question of mistake sua sponte.  Fed. R.

Bankr. P. 60(a); <u>Day</u>, 547 U.S. at 210; <u>Cisneros</u>, 994 at 1466 n.4.

Here, this court raised the Rule 60(a) question in open

court based on the suggestion of invalidity in the pretrial

statement of the United States and afforded the debtor an

opportunity to respond.  The debtor's response did not justify

entry of the second discharge in violation of § 727(a)(8).


V

An adequate, independent alternative theory of correction is

found in the statutory grant of power to the bankruptcy court.

The court may issue any "order, process, or judgment that is

necessary or appropriate to carry out the provisions of this

title."  11 U.S.C. § 105(a).

The relevant provision of title 11 to be carried out is the

categorical bar to a second chapter 7 discharge within eight

years embodied in § 727(a)(8).  When such a discharge has been

entered, "the provisions of title 11" have not been carried out.

Vacating the offending discharge carries out the provision of

title 11 embodied in § 727(a)(8).

Unlike many invocations of § 105(a), this is not a

manifestation of a roving commission to do equity.  Rather, this

is giving effect to a precise provision of the Bankruptcy Code.

VI

Although this adversary proceeding regarding the secured status of the United States could be resolved by disregarding the spurious second discharge, there are a number of creditors in that 2010 case who were told by the court that their claims were discharged. They deserve accurate information informing them that the discharge is vacated.

The appropriate solution is to reopen the 2010 case pursuant to 11 U.S.C. § 350(b) and vacate the discharge pursuant to Rule 60(a). Notice of that action will go to all creditors, who may be able to act on their outstanding claims against the debtor.

## Conclusion

Rule 4004(a)'s inflexible claim-processing rule cannot be applied to require entry of a chapter 7 discharge for which the debtor is ineligible under § 727(a)(8). Rules 4004(a) and (c)(1)(B) are invalid to that extent as offending the Bankruptcy Rules Enabling Act. Rule 60(a) permits vacating the mistaken entry of discharge in violation of § 727(a)(8) "whenever one is found" and is not subject to the § 727(e) time limit for revoking discharges under § 727(d). The court's § 105(a) power likewise authorizes vacating the discharge to give effect to § 727(a)(8).

An appropriate judgment in Adversary Proceeding No. 17-02036 and order vacating discharge in Case No. 10-47748 will issue.

Dated: January 18, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

28

1

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

2

    The Clerk of Court is instructed to send the attached
3   document, via the BNC, to the following parties:

4

Gerald William Filice
5   2443 Fair Oaks Blvd #125
Sacramento, CA 95825

6

Judith C Hotze
7   Office of the U.S. Trustee
Robert T Matsui United States Courthouse
8   501 I Street, Room 7-500
Sacramento, CA 95814

9

Boris Kukso
10   PO Box 683
Washington DC

11

Kimberly J Husted
12   11230 Gold Express Dr #310-411
Gold River CA 95670

13

Loris L Bakken
14   404 West Pine Street, Suite 14
Lodi CA 95240

15

16

17

18

19

20

21

22

23

24

25

26

27

28